## McKASSON v. UNION PAC. R. CO.

(District Court, D. Wyoming. January 30, 1922.)

No. 1220.

1. **Pleading ⬅198—Petition by joint plaintiff which fails to state a cause of action as to one held demurrable.**

   Under Comp. St. Wyo. 1920, § 5651, subds. 4 and 8, providing that a misjoinder of parties plaintiff, or failure of the petition to state facts constituting a cause of action, shall be a ground of demurrer, a petition by joint plaintiffs, which states a cause of action as to one, but as to the other does not, is demurrable.

2. **Pleading ⬅193(6)—Petition held demurrable for misjoinder of plaintiffs.**

   The petition in an action against a railroad company for negligence causing the death of an employé, whether based on section 1 of the federal Employers' Liability Act (Comp. St. § 8657), or on the state Railroad Employers' Liability Act (Comp. St. Wyo. 1920, § 5386), both of which statutes give the right of action to the personal representative of deceased, *held* demurrable, where the personal representative and the mother of deceased join as plaintiffs.

At Law. Action by Mary J. McKasson, administratrix of the estate of Patrick A. McKasson, deceased, and Mary J. McKasson individually, against the Union Pacific Railroad Company. On demurrer to petition. Demurrer sustained.

Edwin N. Burdick and Clarence O. Moore, both of Denver, Colo., for plaintiff.

Herbert V. Lacey and John W. Lacey, both of Cheyenne, Wyo., for defendant.

KENNEDY, District Judge. This action is brought by the plaintiff to recover damages against the defendant growing out of the alleged negligence of defendant in causing the death of Patrick J. McKasson, while employed by defendant as a brakeman in the operation of defendant's railroad at Rock Springs, in the state and district of Wyoming. The action is brought in the name of Mary J. McKasson,

as administratrix of the estate of the deceased, and also of Mary J. McKasson individually (she being the mother of deceased), as joint plaintiffs.

[1] The matter comes before the court upon a demurrer filed by defendant, containing two grounds: First, a general demurrer that the facts stated are not sufficient to constitute a cause of action; and, second, a misjoinder of parties plaintiff. Both grounds of the demurrer are directed, however, to the same general defect in the petition, to wit, that Mary J. McKasson as an individual is not a proper party plaintiff. Counsel for the defendant contend that the petition, so far as Mary J. McKasson as an individual is concerned, does not state facts sufficient to constitute a cause of action, and that upon the second ground stated in the demurrer, under our Code pleading in the state of Wyoming, which practice in law cases this court will follow as near as may be, the misjoinder of parties plaintiff is the rule which should be applied to this case.

The demurrer must be sustained on either ground or both. To maintain an action in the name of joint plaintiffs all plaintiffs must have a common ground for the relief sought. If one of the joint plaintiffs, therefore, has no cause of action it comes within the rule that the petition as to such plaintiff does not state facts sufficient to constitute a cause of action, and therefore must fail as to the joint plaintiffs. Likewise the same rule would obtain under the provisions of the Code as applying to a misjoinder of parties plaintiff, where one has a cause of action and the other has not. The reasons for the ruling of the court upon both grounds of the demurrer may be briefly stated as follows:

Section 5651 of the Wyoming Compiled Statutes provides in subdivision 4 that the misjoinder of parties plaintiff, and in subdivision 8 that the petition does not state facts sufficient to constitute a cause of action, shall be grounds for demurrer available to the defendant.

[2] The petition alleges that the defendant railroad company is a common carrier, that it was operating cars, locomotives, and trains over its tracks at Rock Springs, in the state of Wyoming, at the time of the injuries to plaintiff, which afterward resulted in his death, and that such injuries and death were caused by the alleged negligence of the defendant. There is no affirmative allegation in the complaint (which under the practice in this jurisdiction following the state practice should be denominated a petition) that the defendant railroad company is engaged in carrying on interstate commerce or otherwise. However, this would appear to be immaterial so far as the effect of the demurrer is concerned. If the defendant is operating a railroad entirely within the state of Wyoming, it would come within the rule laid down in the state Railroad Employers' Liability Act, found in sections 5386 to 5389, inclusive, of the Wyoming Compiled Statutes 1920; or if not within the state Employers' Liability Act the cause would at least be governed by section 5560 and 5561 of the Wyoming Compiled Statutes 1920. In the so-called Employers' Railroad Liability Act, above referred to, a cause of action growing out of the death of the employé holds the railroad company liable to the personal representative of the deceased for the benefit of the surviving widow, children or parents, or the next of kin, as the case may be.

Under sections 5560 and 5561 it is provided that causes of action such as we have here may survive, and that such a cause of action shall be brought in the name of the personal representative of the deceased, and amounts accruing therefrom shall be distributed in the manner provided by the statutes relating to the distribution of personal estates of deceased persons. It will therefore be seen that, if these sections are held to apply, then the action must be maintained only in the name of the personal representative of the deceased. If the cause of action might be held to be within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Statutes at Large, 65 [Comp. St. §§ 8657–8665]) the same rule would apply, for the reason that this act provides that the railroad company engaged in commerce between the several states shall be liable in damages on account of the death of an employé to his or her personal representative for the benefit of the surviving widow or other heirs, as the case may be.

Therefore, under any of the provisions of law giving a remedy to the parties aggrieved, as in this case, which could possibly be made to apply, the action would accrue to the personal representative of the deceased and to no other person. The demurrer will therefore be sustained, and the complaint be dismissed, at plaintiffs' costs, without prejudice, reserving, however, to the plaintiff McKasson, as administratrix, the right in lieu of such dismissal to file within 20 days an amended petition and to furnish the attorneys for the defendant a copy of the same, and in the event of the exercise of such option by said plaintiff that the defendant be given 20 days thereafter within which to plead to said amended petition.

The order may reserve an exception to the plaintiffs upon the ruling of the court.